## Hood and Others *v.* Dinwiddie and Others.

Motion to re-instate a cause upon the docket of the Supreme Court. The cause having been continued for two terms successively under the general order, was, at the next term, regularly called for trial, and, the plaintiffs failing to appear, was dismissed, at the instance of the defendants, under rule 19, governing the practice of the Court, which prescribes that "if, when a cause is called, the plaintiff fail to appear, the defendant may have the cause dismissed," &c. At a subsequent day of the same term, on motion of the plaintiffs' counsel, a rule was granted, and served on the defendants' counsel, to show cause why the case should not be re-instated, &c. The only ground for re-instating the cause was contained in an affidavit of the plaintiffs' counsel, alleging that he was

necessarily absent on the calling of the cause; that it was dismissed for want of prosecution; and that he believed there were merits in the cause, and that justice required its re-instatement. *Held,* that no sufficient reason was shown for granting the motion.

Where, however, at the calling and dismissal of a cause, the plaintiff is temporarily out of the court-room but returns immediately and asks its re-instatement, the Court would direct the entry of dismission to be stricken out.

May Term,
1853.
———
Hood
v.
Dinwiddie.

MOTION to re-instate a cause on the docket.

*Per Curiam.*—This case was filed in this Court as a writ of error on the 13th of *March,* 1852, and a summons was duly issued, requiring the defendants in error to appear, &c.

Wednesday,
June 15.

At the *May* term following, and also at the *November* term, 1852, the case was continued under the general order. On the 4th day of the present term, (*May,* 1853,) it was regularly called for trial, and the plaintiffs failing to appear, was dismissed on the requisition of the defendants, under rule 19, governing the practice in this Court. (1)

On a subsequent day of the term, the plaintiffs' counsel moved that the case be re-instated upon the docket. A rule was granted and served upon the defendants, requiring them to show cause, &c.

The defendants appeared and answered to the rule, and insisted that the case was dismissed in the regular practice of the Court, and that the plaintiffs had shown no valid ground on which to sustain their motion to re-instate; and of this opinion is the Court.

The only ground taken is presented in the following affidavit:

"Personally appeared, in open Court, *James Rariden,* the plaintiffs' attorney in the above case, and said that he was necessarily absent on the calling of the above cause, and that the same was dismissed for want of prosecution. He said he believed there were merits in the cause, and that he thought that justice required that it should be re-instated."

It is very manifest that no legal excuse is set forth in this affidavit for neglecting, during the whole sitting of

the Court on the day on which the case was dismissed, to answer to it as having been called; and that to re-instate it upon such an affidavit, would set a precedent rendering nugatory the rule under which the dismission was had. We are satisfied, also, that to do so would be encouraging a carelessness in practice that would tend much to retard the progress of business.

Had the party been temporarily out of the court-room when the case was called and dismissed, but returned immediately and asked that it should be re-instated, the Court would undoubtedly have directed the entry of dismission to be stricken out. This, however, was not the state of the facts in the case before us.

The rule to show cause must be discharged, and the motion to re-instate must be overruled, at the cost of the plaintiffs in error.

(1). That rule is as follows: If, when a cause is called, the plaintiff fail to appear, the defendant may have the cause dismissed, or may submit it either with or without argument. If the defendant make default, the plaintiff may proceed *ex parte*.